NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2231-15T1

FELIX PENA,

 Appellant,

 v.

BOARD OF REVIEW and
BRICKFORCE TRANSPORTATION,
INC.,

 Respondents.
______________________________________________________

 Argued January 10, 2017 – Decided February 10, 2017
 Resubmitted April 27, 2017 – Decided May 16, 2017

 Before Judges Fisher, Ostrer and Leone.

 On appeal from the Board of Review, Department
 of Labor, Docket No. 54,189.

 Felix Pena, appellant, pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Marolhin D. Mendez, Deputy Attorney
 General, on the brief).

 Respondent Brickforce Transportation, Inc.,
 has not filed a brief.

PER CURIAM
 In an earlier opinion, we observed that appellant failed to

participate in the Appeal Tribunal telephonic hearing, which

produced the facts upon which the Appeal Tribunal determined that

appellant was not entitled to unemployment benefits. In his

administrative appeal to the Board, appellant claimed he was

confused about how to participate at the hearing and thought the

Appeal Tribunal would telephone him on the date designated in the

scheduling notice. The Board, without explanation, concluded that

appellant did not present good cause for failing to appear for the

hearing and affirmed the denial of benefits.

 Although, in our earlier opinion, we explained the framework

for determining, in this instance, whether appellant voluntarily

left his job -- appellant worked for a firm that provided workers

to others -- we did not then reach the merits. Instead, we remanded

so the Board could "expla[in] . . . its conclusion that good cause

was not shown for appellant's failure to appear at the hearing."

Pena v. Board of Review, No. A-2231-15 (App. Div. Feb. 10, 2017)

(slip op. at 4).

 In responding to our mandate, the Board rendered a decision

in which it determined that appellant received and read the hearing

notice, which states:

 IMPORTANT: YOU MUST CALL THE OFFICE OF APPEALS
 ON THE DATE OF THE HEARING (SHOWN BELOW) 15
 TO 30 MINUTES BEFORE THE SCHEDULED HEARING

 2 A-2231-15T1
 TIME. YOU WILL BE ASKED TO PROVIDE YOUR NAME,
 AREA CODE AND TELEPHONE NUMBER. At the time
 of the hearing, remain by the phone and keep
 the line clear. The Appeals Examiner will call
 you back when ready for the hearing. The
 Appeal Tribunal may not be able to call at the
 exact time set, so please remain near your
 phone for at least 60 minutes after the
 scheduled hearing time. Your appeal may be
 dismissed or you may be denied participation
 in the hearing if you fail, without good
 cause, to follow these instructions.

In light of this notice, which appellant acknowledged receiving

and reading in advance of the hearing, the Board found no substance

in appellant's contention that he misunderstood what he was

required to do in order to participate at the hearing. As can be

seen, the notice was written in plain, simple, and unambiguous

language; consequently, we find appellant's arguments regarding

the notice and his failure to appear for the hearing to be of

insufficient merit to warrant further discussion. R. 2:11-

3(e)(1)(E).

 In light of the administrative regulations set forth in our

earlier opinion, Pena, supra, slip op. at 2-3, and the finding

that appellant failed to report to his employer's branch office

the day after completion of his last work assignment, as required

by his employment agreement, we find no merit in the appeal.

 Affirmed.

 3 A-2231-15T1